IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF EARL BRADLEY | § | No. 225, 2016 |
| FOR A WRIT OF MANDAMUS | § | |

Submitted: May 19, 2016
Decided: June 29, 2016

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 29th day of June 2016, upon consideration of the petition for a writ of mandamus and the State's motion to dismiss, it appears to the Court that:

(1)    The petitioner, Earl Bradley, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus directed to the Superior Court. Although it is not entirely clear, it appears that Bradley wants this Court to order the Superior Court to consider several pending motions, including his successive motion for postconviction relief under Superior Court Criminal Rule 61. The State has filed an answer and motion to dismiss Bradley's petition. After careful consideration, we find that Bradley's petition manifestly fails to invoke this Court's original jurisdiction. Accordingly, the petition must be dismissed.

(2)    The docket in Bradley's criminal case (Cr. ID 0912011155) reflects that the Superior Court denied Bradley's first motion for postconviction relief on

June 5, 2015. This Court affirmed that judgment on appeal on March 3, 2016.[1] The mandate on direct appeal was issued on March 21, 2016. Before the mandate had issued, Bradley filed his second motion for postconviction relief in the Superior Court on March 9, 2016. Since that time, Bradley appears to have filed at least five separate memoranda in support of his second Rule 61 motion. Additionally, he has filed four motions to amend his second motion for postconviction relief, as well as his third motion for postconviction relief. The Superior Court has not yet addressed any of Bradley's myriad motions.

(3)    Although it is not well-articulated, it appears that Bradley is requesting this Court to direct the Superior Court to consider the second Rule 61 motion that he filed on March 9, 2016 as if it had been filed after the Supreme Court's mandate had issued on March 21, 2016. Bradley appears to believe that the Superior Court will not ever consider his second Rule 61 motion and his multiple memoranda and amendments because he filed the motion prematurely.

(4)    A writ of mandamus is designed to compel a lower court to perform a duty if it is shown that: (i) the complainant has a clear right to the performance of the duty; (ii) no other adequate remedy is available; and (iii) the trial court has arbitrarily failed or refused to perform its duty.[2] A writ of mandamus will not be

---

[1] *Bradley v. State*, ___ A.3d ___, 2016 WL 836810 (Del. Mar. 3, 2016).

[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

issued "to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[3]

(5) A writ of mandamus is not warranted in this case because Bradley has not established a clear right to the relief he seeks, nor has he established that the Superior Court has arbitrarily refused to act. Bradley has filed multiple motions and memoranda since this Court issued its opinion affirming the Superior Court's judgment denying his first Rule 61 motion. Under the circumstances, the passage of a few weeks or even a few months is not indicative of an arbitrary refusal to act.[4]

NOW, THEREFORE, IT IS ORDERED that the petition for an extraordinary writ of mandamus is DENIED.

BY THE COURT:

/s/ Leo E. Strine, Jr.
Chief Justice

---

[3] *Id.*

[4] *In re Coleman*, 2015 WL 1565771 (Del. Apr. 6, 2015).

3